IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ROBERTO RIVERA, an individual § § § Plaintiff, § § vs. § § KILOLO KIJAKAZI, COMMISSIONER § OF THE SOCIAL SECURITY § ADMINISTRATION § Defendant. § § | CIVIL ACTION NO. _____ |

## COMPLAINT

ROBERTO RIVERA ("PLAINTIFF") files this Complaint for negligent hiring and intentional infliction of emotional distress against KILOLO KIJAKAZI COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION ("SSA") as follows:

### JURISDICTION AND VENUE

**1.** PLAINTIFF is an individual and a resident of Hillsborough County, Florida.

**2.** DEFENDANT, KILOLO KIJAKAZI COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION is the acting commissioner of the SSA.

**3.** This is an action for reprisal, discrimination pursuant to Americans with Disabilities Action of 1990, as codified, 42 U.S.C. §§12112 to 12117, for failure to accommodate PLAINTIFF'S disability, racial discrimination, sexual discrimination, hostile work environment and intentional infliction of emotional distress.

**4.** Jurisdiction of this action is based upon the Final Decision of the Commissioner of Social Security.

5. PLAINTIFF was a Customer Service Representative (CSR), GS-105-8, in the SSA St. Petersburg Field Office CSR Unit, St. Petersburg, Florida, since May 6, 2014.

6. Venue of this action is proper in the Middle District of Florida under 28 U.S.C. §1391(e)(1) because the events giving rise to the claim occurred in the Middle District of Florida.

## FACTUAL BACKGROUND

7. PLAINTIFF is a disabled veteran, who suffers from adjustment disorder with anxiety.

8. PLAINTIFF begin working for the SSA during 2014 as a Customer Service Representative.

9. PLAINTIFF received favorable performance reviews for PLAINTIFF'S performance with the SSA from 2018 through 2020.

10. During 2020, however, DEFENDANT began harassing PLAINTIFF through the SSA's Performance, Assessment, Communication System (herein "PACS"), by email and eventually began harassing PLAINTIFF because of his disability and because PLAINTIFF complained of harassment.

11. In September of 2020, a Monique Darby (herein "Darby") became PLAITIFF'S operation supervisor.

12. On or around December 4, 2020, Darby informed PLAINTIFF that his 2020 PACS appraisal repeatedly stated that PLAINTIFF had a lack of job knowledge and required service observation.

13. Due to COVID-19, PLAINTIFF was not provided training in the areas where PLAINTIFF allegedly lacked knowledge, and as such a service observation would not have been productive, but only made PLAINTIFF feel more harassed by management.

14. PLAINTIFF declined participation in the service observation and communicated reasons for concern and why he would not be participating in the service observation.

15. PLAINTIFF was subsequently scheduled for multiple service observations and on December 7, 2020, PLAINTIFF expressed to his supervisor that PLAINTIFF felt harassed and humiliated because it was on the DEFENDANT'S public calendar; December 7, 10, 11, 12, and 18, 2020.

16. Upon information and belief, DEFENDANT wanted to make an example of PLAINTIFF and to publicly humiliate PLAINTIFF by publicly notifying the office that DEFENDANT was aggressively requiring PLAINTIFF to participate in service observations.

17. On December 20, 2020, PLAINTIFF contacted an EEO Counselor through the EEO website regarding the DEFENDANT'S harassment.

18. On December 16, 2020, PLAINTIFF emailed management regarding PLAINTIFF'S harassment claim, and on December 21, 2020.

19. Upon information and belief DEFENDANT was aware of the December 20, 2020, Complaint, because on December 29, 2020, PLAINTIFF'S EEO counseling interview was conducted.

20. DEFENDANT contacted PLAINTIFF via instant message and phone to verify PLAINTIFF'S harassment coordinator, and PLAINTIFF informed DEFENDANT that PLAINTIFF had notified DEFENDANT on December 22, 2020, of his EEO meeting on December 29, 2020.

21. On January 22, 2021, PLAINTIFFF was subsequently reprimanded for allegedly not participating in the service observation, however, upon information and belief, PLAINTIFF was reprimanded in reprisal for filing a harassment complaint.

22. Later in May 2021, PLAINTIFF was reprimanded for taking leave; upon information and belief, this was again in reprisal for PLAINTIFFS engagement of EEO.

23. It was necessary for PLAINTIFF to take sick leave to attend psychotherapy with the Department of Veterans Affairs to treat his adjustment disorder and would provide documentation of treatment upon DEFENDANT'S request.

24. DEFENDANT issued PLAINTIFF a memo on or around September 9, 2021, reprimanding PLAINTIFF for excessive sick leave, indicating that PLAINTIFF was being placed on leave restriction.

25. PLAINTIFF was absent from work on the following dates:

   a. 2.5 hours on October 1, 2021;
   b. 3.5 hours on October 8, 2021;
   c. 3 hours on October 19, 2021;
   d. 2.5 hours on October 26, 2021;
   e. 3.5 hours on October 29, 2021; and
   f. 4 hours on November 10, 2021.

26. On November 30, 2021, under the direction of Langdon Garrison, Assistant District Manager of the SSA field office, and Deloris Thomas, District Manager, Brenda Atherton, Operations Supervisor, issued an AWOL Memorandum about the dates PLAINTIFF was absent from work.

27. On or around December 17, 2021, the AWOL designation caused PLAINTIFF received a letter from the Department of Interior stating that PLAINTIFF was required to pay

back the DEFENDANT for pre-approved time off, which was also medically documented; DEFENDANT began garnishing PLAINTIFF'S wages.

28. DEFENDANT repeatedly required medical documentation, although DEFENDANT would not require this of other employees.

29. On January 7, 2022, PLAINTIFF received a letter dated January 3, 2022, PLAINTIFF to receive a Corrected Leave and Earnings Statement, for the last pay period..

30. As of January 11, 2022, add the AWOL designation DEFENDANT remained on PLAINTIFF'S personnel file, again upon information and belief to harass PLAINTIFF because of PLAINTIFF'S medical status and EEO Complaint.

## COUNT I –REPRISAL

31. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 30 as though fully set forth herein.

32. In the 11th District, to establish a prima facie case a plaintiff must show (i) that he engaged in actions protected by Title VII; (ii) that an adverse employment action was taken; and (iii) that a causal link existed between the first two elements. *Hamm v. Members of the Board of Regents,* 708 F.2d 647, 654 (11th Cir. 1983).

33. On December 9, 2020, PLAINTIFF filed a charge of discrimination against DEFENDANT with an EEO Counselor for disparate treatment, a protected action under Title VII.

34. On or around December 16, 2020, DEFENDANT became aware of PLAINTIFF'S charge of discrimination.

35. Adverse action was taken against PLAINTIFF on January 22, 2021, when upon information and belief DEFENDANT reprimanded PLAINTIFF because PLAINTIFF filed a charge of discrimination against DEFENEDANT.

36. DEFENDANT took further adverse actions against PLAINTIFF when DEFENDANT began reprimanding PLAINTIFF for taking leave to deal with PLAINTIFF'S mental health.

37. DEFENDANT took additional adverse action when DEFENDANT harassed the PLAINTIFF about providing doctors notes for the sick leave and subsequently marking the PLAINTIFF as AWOL.

38. By marking PLAINTIFF as AWOL, DEFENDANT caused PLAINTIFF to receive an overpayment letter from the Department of Interior to pay back DEFENDANT for preapproved sick leave.

## COUNT II – DISCRIMINATION ON THE BASIS OF DISABILITY, IN VIOLATION OF ADA, REHABILITATION ACT, 42 .U.S.C. § 12112

39. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 30 as though fully set forth herein.

40. To establish a prima facie case of disability harassment, a plaintiff must show that: (1) he is disabled or perceived to be disabled; (2) he was subjected to unwelcome harassment; (3) the harassment was based on the plaintiff's disability; (4) the harassment affected a term, condition, or privilege of employment; and (5) the defendant knew or should have known about the harassment and failed to take prompt, remedial action. *Williamson v. Intern'l Paper Co.*, 85 F.Supp.2d 1184, 1187 (S.D. Ala. 2000). *Cordero v. Fla., Dep't of Envtl. Prot.*, No. 4:06cv529-SPM/AK, 2007 U.S. Dist. LEXIS 74980, at *14-15 (N.D. Fla. Oct. 9, 2007)

41. PLAINTIFF is a disabled veteran.

42. PLAINTIFF was subject to unwelcomed harassment based upon PLAINTIFF'S sick leave requests to attend psychotherapy to treat PLAINTIFF'S adjustment disorder.

43. DEFENDANT harassed PLAINTIFF for doctors' notes after PLAINTIFF had already provided DEFENDANT with proof; DEFENDANT did not do this to other employees.

44. DEFENDANT marked PLAINTIFF as AWOL affecting PLAINTIFFS terms of employment by causing PLAINTIFF to be placed on leave restriction, causing PLAINTIFF to owe money to DEFENDANT for alleged overpayment, resulting in a garnishment of PLAINTIFFS paychecks.

45. DEFENDANT knew about the harassment, as PLAINTIFF was communicating concerns to an EEO officer about the harassment, and DEFENDANT was aware of the EEO complaint, and only continued harassing PLAINTIFF, failing to take prompt remedial action.

### COUNT III -DISCRIMINATION ON THE BASIS OF NATIONAL ORIGIN, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-2(a)(1)

46. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 30 as though fully set forth herein.

47. DEFENDANT harassed PLAINTIFF for multiple years and believes was singled out being for being a hispanic.

48. DEFENDANT believes through multiple communications that DEFENDANT has been deprived of advancements due to him being a Hispanic with Non-Hispanic supervisors.

49. Under the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) *Alvarez v.*

*Royal Atl. Developers, Inc.*, 610 F.3d 1253 (11th Cir. 2010) a plaintiff must first establish a prima facie case of discrimination, typically by showing that she was a qualified member of a protected class and was subjected to an adverse employment action in contrast to similarly situated employees outside the protected class. *Alvarez v. Royal Atl. Developers*, Inc., 610 F.3d 1253 (11th Cir. 2010).

50. PLAINTIFF, a hispanic male, was subjected to adverse employment action by DEFENDANT as PLAINTIFF was subjected to and observed management make comments about minority employees in the office.

51. As an adverse action, PLAINTIFF endured a hostile work environment, including but not limited to PLAINTIFF being put on probation immediately after informing DEFENDANT of the discrimination.

52. DEFENDANT increased PLAINTIFFS workload and became critical of PLAINTIFF'S performance, without offer PLAINTIFF the staff, tools or training to improve in the areas DEFENDANT said PLAINTIFF needed to improve in.

53. The ultimate adverse action was when DEFENDANT fired the PLAINTIFF after repeatedly bringing the discriminatory conditions to human resources' attention.

54. PLAINTIFF has suffered damages from DEFENDANT'S racial discrimination and seeks appropriate compensation and attorney's fees.

### COUNT IV -DISCRIMINATION ON THE BASIS OF SEX, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-2(a)(1*)*

55. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 30 as though fully set forth herein.

56. Under the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't. of*

*Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253 (11th Cir. 2010) a plaintiff must first establish a prima facie case of discrimination, typically by showing that she was a qualified member of a protected class and was subjected to an adverse employment action in contrast to similarly situated employees outside the protected class. *Alvarez v. Royal Atl. Developers*, Inc., 610 F.3d 1253 (11th Cir. 2010).

57. PLAINTIFF, a man, was subjected to adverse employment action by DEFENDANT as PLAINTIFF was subjected to and observed management make comments about gender needing to "suck it up."

58. As an adverse action, PLAINTIFF endured a hostile work environment, including but not limited to PLAINTIFF being put on leave restricting immediately after informing DEFENDANT of the discrimination.

59. DEFENDANT increased PLAINTIFFS workload and became critical of PLAINTIFF'S performance, without offer PLAINTIFF the staff, tools or training to improve in the areas DEFENDANT said PLAINTIFF needed to improve in.

60. PLAINTIFF has suffered damages from DEFENDANT'S gender discrimination and seeks appropriate compensation and attorney's fees.

## COUNTI V – HOSTILE WORK ENVIRONMENT, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-2(a)(1*)*

61. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 30 as though fully set forth herein.

62. For a hostile work environment claim under Title VII to prevail, a PLAINTIFF must establish proof that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's

employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370, 1126 L. Ed. 2d 295 (1993).

63. To establish a hostile work environment claim a PLAINTIFF "must show: (1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee, such as national origin; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Miller v. Kenworth of Dothan Inc.*, 277 F.3d 1269 (11th Cir. 2002).

64. PLAINTIFF, a male disabled veteran, with adjustment disorder belongs to protected groups.

65. PLAINTIFF was subjected to unwelcome harassment by DEFENDANT, including but not limited to being subjected to discriminatory behavior, being reprimanded after engaging an EEO counselor about discrimination and the continued retaliation of DEFENDANT against PLAINTIFF regarding PLAINTIFF'S therapy appointments.

66. Upon information and belief, DEFENDANT'S harassment was because PLAINTIFF was a male disabled veteran, with adjustment disorder and complained of harassment to an EEO counselor.

67. The DEFENDANT'S harassment was so pervasive that it altered PLAINTIFFS terms of employment with DEFENDANT as he was put on leave restriction, incorrectly marked as AWOL for attending therapy appointments, eventually causing PLAINTIFF to lose pay.

68. DEFENDANT is directly liable because they were put on notice of the discriminatory and hostile behavior.

69. PLAINTIFF has suffered damages from DEFENDANT'S hostility in the work environment and seeks appropriate compensation and attorney's fees.

## COUNT VI – INTENTIONAL INFLICITON OF EMOTIONAL DISTRESS

70. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 30 as though fully set forth herein.

71. DEFENDANT harassed PLAINTIFF for multiple years and has suffered emotional distress.

72. DEFENDANT is currently seeking medical treatment for the repeated abuse and treatment he received from his employment with PLAINTIFF.

73. The three elements of the tort of intentional infliction of emotional distress under Florida case law are: (1) the wrongdoer's conduct was intentional or reckless; that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *Williams v. City of Minneola*, 619 So. 2d 983, 986 (Fla. 5th DCA 1993). *Food Lion v. Clifford*, 629 So. 2d 201, 203 (Fla. 5th DCA 1993).

74. DEFENDANT intentionally retaliated against PLAINTIFF and continued retaliations after PLAINTIFF engaged an EEO counselor and subsequently reprimanded PLAINTIFF.  DEFENDANT continued harassing PLAINTIFF about PLAINTIFF'S taking leave to seek therapy appointments, eventually, intentionally marking PLAINTIFF as AWOL, which thereby caused PLAINTIFF to lose pay.

75. DEFENDANT knew or should have known that retaliating against PLAINTIFF for engaging the EEO about DEFENDANT'S harassment, continuing to harass and retaliate

against PLAINTIFF, eventually affecting his pay for his therapy caused PLAINTIFF emotional distress.

76. PLAINTIFF'S employer, the DEFENDANT was harassing PLAINTIFF about caring for PLAINTIFF'S mental health, all while DEFENDANT was retaliating against PLAINTIFF for engaging the EEO about DEFENDANT; DEFENDANT should have known this would result in emotional distress. This behavior goes beyond all bounds of decency and is atrocious and utterly intolerable in a civilized community.

77. PLAINTIFF suffered emotional distress as a result of DEFENDANTS' harassment and retaliation.

78. PLAINTIFF continues to seek therapeutic treatment for PLAINTIFF'S injuries caused by DEFENDANT.

79. PLAINTIFF has suffered damages from DEFENDANT intentional infliction of emotional distress and seeks appropriate compensation and attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, PLAINTIFF seeks judgment awarding it the following relief:

a) An order finding DEFENDANT has engaged in reprisal in violation of federal and state laws and an award of money to compensate PLAINTIFF for the competitive injury;

b) An order finding DEFENDANT has engaged in disability harassment in violation of federal and state laws and an award of money to compensate PLAINTIFF for the competitive injury;

c) An order finding DEFENDANT has engaged in discrimination on the basis of sex in violation of federal and state laws and an award of money to compensate PLAINTIFF for the competitive injury

d) An order finding DEFENDANT has engaged in discrimination on the basis of race in violation of federal and state laws and an award of money to compensate PLAINTIFF for the competitive injury

e) An order finding DEFENDANT has engaged in disability harassment in violation of federal and state laws and an award of money to compensate PLAINTIFF for the competitive injury

f) An order finding DEFENDANT has engaged in disability harassment in violation of federal and state laws and an award of money to compensate PLAINTIFF for the competitive injury

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: March 8, 2022          Respectfully submitted,

By: /s/ Kevin Drummond
KEVIN DRUMMOND, ESQ. (FBN 1002238)
**BLUE LINE LAW FIRM, PLLC**
1645 Palm Beach Lakes Blvd., Suite 1200
West Palm Beach, FL 33401
Telephone: 888-611-9511
Facsimile: 561-892-3330
E-Service: intake@tbllf.com